IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY FRED GENTRY, JR.[1], | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-596-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Billy Fred Gentry, III, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the reply, the evidence submitted, the record, including the record in the underlying criminal case, No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case reflects the following:

On May 18, 2016, movant was named along with others in a one-count superseding indictment charging him with conspiracy to

---

[1] As the government has noted, the movant's name is Billy Fred Gentry, III.

possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C § 846. CR Doc.[2] 215. On August 10, 2016, movant was named along with others in a third superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C § 846. CR Doc. 526. On August 17, 2016, movant and his attorney appeared for arraignment on the third superseding indictment. CR Doc. 587. Movant pleaded not guilty. CR Doc. 1340 at 10.

Movant was tried by a jury. CR Docs. 633, 636, 638, 639. On September 1, 2016, the jury returned its verdict of guilty. CR Doc. 661. The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 36 because the offense involved at least 15 kilograms but less than 45 kilograms of methamphetamine. CR Doc. 959, ¶ 26. He received a two-level increase for possession of a firearm, id. ¶ 27, and a two-level increase for importation from Mexico. Id. ¶ 28. Based on a total offense level of 40 and a criminal history

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A. The circumstances surrounding the superseding indictment are set forth in an order the court signed under Case No. 4:15-CR-271-A, styled "United States of America v. Oscar Vasquez, et al.," on May 18, 2020. CR Doc. 217.

category of III, movant's guideline imprisonment range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years; therefore, the guideline imprisonment range because 360 to 480 months. Id. ¶ 94. Movant filed objections to the PSR. CR Doc. 1015. The probation officer filed an addendum to the PSR, accepting some of the objections. CR Doc. 1093.

On February 9, 2017, movant was sentenced to a term of imprisonment of 360 months. CR Doc. 1167. He appealed, CR Doc. 1169, and his judgment and sentence were affirmed. United States v. Gentry, 941 F.3d 767 (5th Cir. 2019).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

> Petitioner denied effective counsel during the plea stage resulting in involuntary guilty plea

Doc.[3] 1 at PageID[4] 4.

> Petitioner denied ineffective counsel at sentencing [sic]

Id. at PageID 5.

> Petitioner denied ineffective counsel on appeal [sic]

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action, No. 4:20-CV-596-A.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the document are not the actual page numbers.

Id. at PageID 7.

Counsel was ineffective at trial.

Id. at PageID 8.

In his memorandum, movant additionally argues that he received ineffective assistance at trial when his attorney failed to advise him of his right to testify. Doc. 2, PageID 43-44. He also argues that the cumulative effect of counsel's errors constituted ineffective assistance. Id. at PageID 51.

### III.

### Applicable Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

4

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant argues that but for his counsel's errors, he "would have accepted the government's plea offer of 20 years." Doc. 2, PageID 36. In support, he repeatedly makes the conclusory argument that his counsel was ignorant of

6

the law and the sentencing guidelines and gave affirmative misadvice. Id. at PageID 38-42. He and his mother state in their supporting declaration and affidavit that movant's counsel advised him that the government admitted that Shanda Hawkins ("Hawkins")[5] was unreliable and that the drugs she attributed to movant could and would not be used against him. Further, even if the drugs were attributed to him, movant's sentencing exposure was at worst 24 years. Doc. 4; Doc. 11. Neither of them sets forth any of the specifics of the alleged meeting with the attorney, such as the date, time, or place.

The government admits that it offered to allow movant to plead guilty to conspiracy to distribute a controlled substance, with a statutory maximum penalty of 20 years. Doc. 25 at 1. Movant's counsel affirmed this in his April 26, 2016 letter to movant. The letter explains that the government will not let movant plead to misprision of felony as he wanted to do; that the prosecutor was willing to limit movant's involvement to the last two years so as not to confuse him with his father (Billy Fred Gentry, Jr.); and, that the plea paperwork set the maximum sentence at twenty years. Doc. 12, PageID 123. The letter clearly explains that if the case goes to trial, the prosecutor

---

[5] Of all of his co-defendants, Hawkins attributed the largest quantity of methamphetamine to movant.

will seek a grand jury indictment that would subject movant to a term of forty years' imprisonment.[6] Id. Although the letter mentions that the prosecutor estimated movant's base level would be 32 (for 1.5 to 5 kilograms) or 34 (for 5 to 15 kilograms), id., a follow-up letter from counsel to movant dated May 11, 2016, clearly reflects that prosecutor thought that movant would be held liable for between 5 and 15 kilograms based on Hawkins' statements. Id. at PageID 124. Further, the case agent thought movant would be held liable for "around 38 Kilograms as of April 1, 2016," and had talked to others who would make it higher.[7] Id. The letter says that movant's counsel would rather take the case to trial, but reminds movant "you're the one facing up to forty years in custody." Id. By letter dated August 1, 2016, counsel told movant that he would provide summaries of co-conspirator statements. He also noted that the undersigned would not honor any agreement between movant and the prosecutor regarding quantity of drugs. Further, he noted the prosecutor's acknowledgment that Hawkins was the key witness against movant, but that Tarrant County Jail records made her statements "an outlier." Doc. 12, PageID 125.

---

[6] As recited, supra, the superseding indictment was returned May 18, 2016. CR Doc. 215.
[7] The letter further clearly advised that the probation office would determine the amount of drugs to be attributed to movant. Doc. 12, PageID 124.

Based on the evidence presented by movant himself, without regard to the government's appendix, the record belies movant's contention that he received ineffective assistance at the plea stage. Movant was clearly advised that if he did not plead to an offense that carried a 20-year maximum, he would be subjecting himself to conviction for an offense that carried a 40-year maximum. His attorney advised that he might be held liable for 5 to 15 kilograms or 38 kilograms or more. And, as of August 1, 2016, Hawkins was the key witness against movant. Doc. 12, PageID 125. The contention that movant's attorney told him that the government admitted that Hawkins was untruthful and unreliable and that the drug weight she attributed to movant could not be used is made out of whole cloth, apparently based on a misunderstanding of the definition of "outlier."

In his second ground, movant alleges that he was denied effective assistance of counsel at sentencing. Doc. 1, PageID 5. As supporting facts, he says that the government stipulated that Hawkins was unreliable and could not be believed, but that his counsel failed to report this or to offer rebuttal evidence to overcome the sufficient indicia of reliability of the drug weight. Id. In his memorandum he alludes to counsel's failure to understand the sentencing guidelines. Doc. 2, PageID 45-48. He does not point to any evidence to support this contention. Vague

9

and conclusory allegations are insufficient. United States v. Reed, 719 F.3d 369, 374 (5th Cir. 2013). In any event, the record reflects that counsel did object to the drug quantity attributed to movant by Hawkins, noting that movant was incarcerated during part of the time Hawkins said she delivered drugs to him. CR Doc. 1015. In light of that objection, the PSR was amended to reflect a corrected amount of 20, rather than 24, kilograms of methamphetamine. CR Doc. 1093 at 2. The quantity did not affect the base offense level.

Movant additionally says that "Kerr" and "Romire" could have testified in rebuttal to the drug amounts in the PSR. But, to succeed on a claim regarding the testimony of uncalled witnesses, movant must show that the witnesses were available to testify and would have done so and show that the testimony would have been favorable to him. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009). In addition, he must show a reasonable probability that the uncalled witnesses would have made a difference to the result. Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008). He has made no attempt to do so.

In his third ground, movant alleges that he was "denied ineffective counsel on appeal." Doc. 1, PageID 7. As supporting facts, he says that counsel: (1) appealed the judgment of acquittal but failed to brief it, (2) failed to advise movant

10

that his appeal had been denied and ignored movant's instruction to file a petition to the Supreme Court, and (3) failed to properly challenge the drug amount attributed by Hawkins so that it could be properly attacked on appeal. Id. The memorandum adds nothing but conclusory allegations and general legal principles. Doc. 2, PageID 49-50.

For the reasons discussed, supra, movant has not shown that he received ineffective assistance of counsel with regard to the drug amount attributed to him by Hawkins. As for the allegation that counsel failed to brief the denial of his motion for judgment of acquittal, movant fails to provide any argument in support. Evidence of movant's guilt was overwhelming. Failing to pursue a meritless ground on appeal is not ineffective assistance. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). And, finally, movant makes the seemingly inconsistent claim that his counsel failed to advise him that his appeal had been denied but yet ignored his instruction to file a petition for writ of certiorari. He offers nothing in support. Given the plethora of letters counsel apparently sent to movant, the claim seems most unlikely.[8] And, indeed, the record reflects that

---

[8] Movant includes in the record a letter from counsel enclosing copies of nine letters he had written movant before May 6, 2017. Doc. 12, PageID 126. That movant failed to include copies of all of the letters is telling.

movant did file a petition, which was denied. CR Docs. 1578, 1579.

In his fourth ground, movant alleges that his counsel was ineffective at trial. Doc. 1, PageID 8. As supporting facts, he makes the conclusory allegations that his counsel failed to undertake any meaningful pretrial investigation and merely went through the trial process seeking a lesser sentence than the plea offer. Id. He does not address this ground in his memorandum. Doc. 2. A defendant who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2 999, 1003 (5th Cir. 1989). Movant has not done so.

In his memorandum, movant argues that his counsel failed to advise him of his right to testify at trial. Doc. 2, PageID 43. In his declaration, movant says that his attorney failed to advise him of his right to testify. He does not state what the testimony would have been or how it would have affected the outcome except to say "I never bought any drugs from Shanda Hawkins.[9] She was being untruthful, presumably to gain favoritism from the government." Doc. 4, PageID 66. Movant cannot say, and

---

[9] In the memorandum, he admits that he did buy drugs for personal use. Doc. 2, PageID 44.

does not say, that he did not know he had the right to testify. The court informed the jurors before the trial began that the defendants had no burden to present any evidence or to testify and that they had the right to remain silent. CR Doc. 1333 at 46-47. Had movant testified, his extensive criminal record and drug use would have come into evidence "at a high price." United States v. Mullins, 315 F.3d 449, 456 (5th Cir. 2002). There was overwhelming evidence of movant's involvement in the conspiracy from other co-conspirators, not just Hawkins. See, e.g. CR Doc. 1025; CR Doc. 1333. His denial of buying drugs from her would not have met this other evidence. The proffered testimony would not have affected the outcome of the case. Cf. United States v. Wines, 691 F.3d 599, 606 (5th Cir. 2012)(noting how difficult it would be to prove prejudice on the basis of an attorney's counseling his client not to testify). As the trial transcript reflects, movant's attorney did a thorough job of cross-examining the conspirators and pointing out to the jury that each of them hoped to gain favor by testifying. There is no reason to believe that movant's testimony would have affected the outcome.

Finally, in his memorandum, movant argues that counsel's cumulative errors amounted to ineffective assistance. Doc. 2, PageID 51. As discussed, movant has not shown error. A

13

cumulation of harmless errors is harmless. United States v. Munoz, 150 F.3d 401, 418 (5th Cir. 1998).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 16, 2020.

_____
JOHN McBRYDE
United States District Judge